UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA PIRES, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| Defendant. | : | FEBRUARY 3, 2023 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief, monetary damages, and costs and attorney fees for the violation of the plaintiff's right of association as guaranteed by the First Amendment to the United States Constitution. The plaintiff, who until her unlawful dismissal served as a Special Project Coordinator for the city of Bridgeport in its Tax Assessor's Office, was terminated by the defendant from her employment in retaliation for attending on her own time the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport against the incumbent, Joseph Ganim, which activity was protected by the First Amendment to the United States Constitution.

2. This action also seeks declaratory, injunctive and equitable relief, monetary damages, liquidated damages, and costs and attorney fees for the violation of the plaintiff's right association as guaranteed her by Connecticut General Statutes § 31-51q. The plaintiff, who until her unlawful dismissal served as a Special Project Coordinator for the City of Bridgeport in its Tax Assessor's Office, was terminated by the defendant from her employment in retaliation for attending, on her own time,

1

the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport against the incumbent, Joseph Ganim, which activity was guaranteed by the First Amendment to the United States Constitution and protected by Connecticut General Statutes § 31-51q.

## II.  JURISDICTION

3. This action arises under the First Amendment to the United States Constitution, made actionable against the defendant by the provisions of Title 42 U.S.C. §1983.

4. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1331 and Title 28 U.S.C. §1343.

5. Jurisdiction over the plaintiff's state law action is invoked pursuant to Title 28 U.S.C. § 1367.

6. Declaratory, injunctive and equitable relief is sought pursuant to Title 28 U.S.C. §2201 and Title 28 U.S.C. §2202.

7. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §1988 and Rule 54 of the Federal Rules of Civil Procedure.

## III.  VENUE

8. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in this judicial district, and the defendant is a political subdivision of the State of Connecticut located within the District of Connecticut.

IV. **PARTIES**

9. The plaintiff, Maria Pires, is a citizen of the United States and resides in Bridgeport, Connecticut.

10. The defendant, city of Bridgeport, is a body politic, organized and existing under the laws of the State of Connecticut.

V. **FACTS**

11. The plaintiff had been employed by the defendant, city of Bridgeport, in its Tax Assessor's Office for approximately thirty-six years in the aggregate. *Exhibit 1.*

12. For the first thirty-three years of her employment with the city of Bridgeport, the plaintiff was a full-time employee assigned to the Tax Assessor's Office.

13. On her retirement, the defendant, city of Bridgeport, rehired the plaintiff, effective September 4, 2018, to the part-time position of Special Project Coordinator in its Tax Assessor's Office. *Exhibit 2.*

14. Pursuant to the mandatory civil service provisions of the Bridgeport City Charter, on her hiring, the plaintiff's employment came within the classified civil service of the city of Bridgeport.

15. Section 205 (a) of the Bridgeport City Charter provides, "(a) The civil service of the city is hereby divided into the unclassified and classified service. The unclassified service shall comprise: (a) The mayor and all officers elected by the people; (b) all executive offices or positions specifically created by charter and the method of filling which is governed by specific and express provisions of the charter, including the civil service commissioners, superintendent of schools,

assistant superintendent of schools, superintendent of the department of public welfare, with the exceptions hereinafter noted; (c) members of boards and commissions appointed by the mayor and serving without pay; (d) members of any board or commission appointed by, the city council; (e) all classes of teachers in the school system of the city, so far as their original appointments hereto are concerned; (f) the deputy director of public works, the assistant city treasurer, the assistant town clerk, the assistant city attorney and the assistant city engineer. *The classified service shall include all other offices or positions existing at the time of the passage of this act or thereafter created, including all positions and offices in the police department, including that of chief of police, and all positions and offices in the fire department including that of fire chief.* (Emphasis added).

16. The position of Special Project Coordinator does not come within the definition of the Bridgeport "unclassified" service.

17. As a member of the classified service, the plaintiff could only be terminated for cause.

18. Section 223 of the Bridgeport City Charter provides, in relevant part,

"No person or employee holding a permanent office or position in the classified service shall be removed, discharged or reduced, except for just cause which shall not be political or religious…"

19. Section 223 of the Bridgeport City Charter further provides, in relevant part,

"No such person shall be removed, discharged or reduced unless the appointing authority first gives him notice person the opportunity to respond. A copy of any such notice of the proposed action and the basis for it and affords such person the opportunity to respond. A copy of any such notice shall immediately be forwarded to the commission. Nothing in this Section shall preclude an employee being suspended pending discharge proceedings…"

20. On December 1, 2022, the plaintiff, who was off from work, and on her own time, attended the public announcement at Bridgeport City Hall of the candidacy of John Gomes for Mayor of the city of Bridgeport against the incumbent, Joseph Ganim,

21. The plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport was known to Joseph Ganim, the Mayor of the city of Bridgeport, Daniel Shamas, the Chief of Staff to the Mayor of the city of Bridgeport, Janene Hawkins, the Chief Administration Officers of the city of Bridgeport, Domenic Costello, Senior Labor Relations Officer for the city of Bridgeport, and Ken Flatto, the Director of Finance for the city of Bridgeport.

22. Within a matter of hours of the plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport, Domenic Costello emailed the plaintiff a letter that stated, in relevant party, "This letter will serve as written notice that due to the reorganization/restructuring of the Tax Assessor's Office, your employment with the city of Bridgeport is terminated effective immediately." *Exhibit 3.*

23. There are no records and/or documents, electronic and/or written, in existence prior to December 1, 2022, indicating that the city of Bridgeport had been planning a reorganization/restructuring of the Tax Assessor's Office.

24. Prior to December 1, 2022, there did not exist a reorganization/restructuring plan for the Tax Assessor's Office to which reference is made in Exhibit 3.

25. Absent from the December 1, 2022, notice of termination of the plaintiff's employment is any claim that financial and/or budgetary exigencies required the plaintiff's termination, or that there was a lack of work for the plaintiff to perform.

26. The reasons advanced by the defendant, city of Bridgeport, for terminating the plaintiff's employment are pretexts for the retaliatory termination of the plaintiff's employment on account of her attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport.

27. The defendant, city of Bridgeport, violated the express provisions of the Bridgeport Charter, § 223, when it summarily terminated the plaintiff's employment on December 1, 2022, without prior her prior notice of her termination or an opportunity to respond.

28. On January 10, 2023, on the appeal of the plaintiff, the Bridgeport Civil Service Commission "granted the appeal…regarding her claim of wrongful termination." *Exhibit 4.*

29. On January 11, 2023, Domenic Costello, in a letter to the plaintiff, informed her for the very first time that she was being laid off because of "budgetary constraints combined with the fact that the backlog of work for which [she] was hired is no longer there." *Exhibit 5.*

30. The reasons asserted by Domenic Costello for terminating the plaintiff's employment are pretenses to justify the retaliatory termination of the plaintiff's employment because of her attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport.

31. The reasons advanced by Domenic Costello for terminating the plaintiff's employment are not consistent with the reasons contained in his original letter terminating the plaintiff's employment that he had authored on December 1, 2022.

32. On January 18, 2023, the plaintiff attended a hearing before Domenic Costello and Ken Flatto, and refuted the reasons that Domenic Costello had employed to justify the termination of her employment.

33. On January 19, 2023, Domenic Costello informed the plaintiff by letter that she was "laid off from [her] position of Part Time Special Project Coordinator with the city of Bridgeport effective January 19. 2023. *Exhibit 6*

34. As a direct and proximate result of her discharge, the plaintiff has suffered the loss of her salary and pension.

35. As a direct and proximate result of her discharge, the plaintiff has suffered emotional distress.

36. The actions of the defendant, city of Bridgeport in terminating the plaintiff's employment constituted the official policy of the city of Bridgeport.

37. The defendant, city of Bridgeport, at all times relevant to this action, acted under color of state law.

38. The defendant, city of Bridgeport, is a governmental entity organized and existing under the laws of the State of Connecticut.

39. The defendant is a person within the meaning of Title 42 U.S.C. § 1983.

VI. **FIRST CAUSE OF ACTION (Violation of the Plaintiff's First Amendment Rights Guaranteeing Him Free Speech)**

40-78. The plaintiff incorporates as if re-alleged paragraphs 1 through 39.

79. As a result of the plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport, the defendant, city of Bridgeport, retaliated against the plaintiff by terminating her employment first on December 1, 2022, and then again, after being reversed by the Bridgeport Civil Service Commission, on January 19, 2023.

80. The action of the defendant, city of Bridgeport, in retaliating against the plaintiff by terminating her employment, constitutes a violation of the plaintiff's right to free speech and association protected by the First Amendment to the United States Constitution.

81. The plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport did not interfere or conflict with the legitimate operations of the city of Bridgeport, or with the plaintiff's job duties and responsibilities.

82. The plaintiff attended the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport on her day off and on her personal time, not on work time.

83. The violation of the plaintiff's right to free speech and association as guaranteed by the First Amendment to the United States Constitution, is made actionable against the city of Bridgeport pursuant to Title 42 U.S.C. §1983.

84. Because of the actions of the defendant in terminating the plaintiff's employment in retaliation for the plaintiff's exercise of her right to free speech and association, the plaintiff has suffered emotional distress.

85. As a further result of the actions of the defendant in terminating the plaintiff's employment in retaliation for her exercise of her right to free speech and association, the plaintiff has suffered a loss of income.

86. The defendant acted under color of law when it terminated the plaintiff's employment.

87. The defendant pursuant to its established practices and policies, has sanctioned the deprivation of the plaintiff's constitutionally protected right to free speech and association.

88. As expressed by the United States Court of Appeals for the Second Circuit in *State Emps. Bargaining Agent Coal. V. Rowland (Rowland II)* 718 F.3d 126, 132 (2d Cir. 2013) and *Bierce v. Town of Fishkill*, 656 Fed.Appx. 550 (2016), the plaintiff's right to free speech and association has been a well-established legal right under the provisions of the First Amendment to the United States Constitution at the time the defendant, city of Bridgeport, terminated the plaintiff's employment.

VII. **SECOND CAUSE OF ACTION (Violation of Connecticut General Statutes § 31-51q)**

89-127. The plaintiff incorporates as if re-alleged paragraphs 1 through 39.

128. As a result of the plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport, the defendant, city of Bridgeport, retaliated against the plaintiff by terminating her employment first on December 1, 2022, and then again, after being reversed by the Bridgeport Civil Service Commission, on January 19, 2023.

129. The action of the defendant, city of Bridgeport, in retaliating against the plaintiff by terminating her employment, constitutes a violation of the plaintiff's right to free speech and association protected by the First Amendment to the United States Constitution.

130. The plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport did not interfere or conflict with the legitimate operations of the city of Bridgeport, or with the plaintiff's job duties and responsibilities.

131. The plaintiff attended the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport on her day off and on her personal time, not on work time.

132. The violation of the plaintiff's right to free speech and association as guaranteed by the First Amendment to the United States Constitution, is made actionable against the city of Bridgeport pursuant to Connecticut General Statutes § 31-51q.

133. The defendant's termination of the plaintiff's employment on account of her attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport constitutes a violation of the plaintiff's right to free speech and association, which rights are protected by the Constitution of the State of Connecticut, Conn. Const. Art. 1, §§ 3, 4, and 14.

134. The plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport, involved the exercise of the plaintiff's right to free speech and association protected by the provisions of the Constitution of the State of Connecticut, Conn. Const. Art. 1, §§ 3, 4, and 14.

135. The plaintiff's attendance at the public announcement of the candidacy of John Gomes for Mayor of the city of Bridgeport, did not interfere or conflict with the legitimate operations of the city of Bridgeport.

136. Connecticut General Statutes § 31-51q provides, "[a]ny employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages. If the court determines that such action for damages was brought without substantial justification, the court may award costs and reasonable attorney's fees to the employer."

137. The defendant terminated the plaintiff's employment on account of the plaintiff's exercise of the rights guaranteed to her by the first amendment to the United States Constitution and section 3, 4 and/or 14 of article first of the Connecticut Constitution.

138. The defendant retaliated against the plaintiff, terminating her employment, because of the exercise of her right to free speech and association in violation of Connecticut General Statutes § 31-51q.

139. The actions of the defendant were intentional, willful and/or reckless; committed in total disregard of the plaintiff's free speech rights.

140. Because of the defendant's termination of the plaintiff's employment in violation of Connecticut General Statutes § 31-51q, the plaintiff has suffered both economic losses and emotional distress.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the First, and Second Causes of Action:

a. declare the conduct engaged by the defendants to be in violation of the plaintiff's rights;
b. enjoin the defendants from engaging in such conduct;
c. reinstate the plaintiff to her employment with the defendant, city of Bridgeport;
d. award the plaintiff the equitable remedy of back pay until reinstatement;
e. award the plaintiff front pay in lieu of reinstatement;

f.  award the plaintiff prejudgment interest;

g.  award the plaintiff compensatory damages;

h.  award the plaintiff her costs and attorney fees; and

i.  grant such other and further relief as the Court may deem just and proper.

THE PLAINTIFF – MARIA PIRES

BY/s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue, Suite 501
Shelton, CT  06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com


PLAINTIFF'S EXHIBIT 1

| Maria Pires - Employment History ||||
|---|---|---|---|
| Effective Date | Department & Division | Title of Position | Action |
| 11/16/1986 | Tax Assessor / Grant Employee | Data Entry Trainee | Hired |
| 7/1/1997 | Tax Assessor / Civil Service | Tax Assessment Clerk | Acting thru 11/1/97 |
| 2/1/2006 | Tax Assessor / Civil Service | Property Appraiser I | Hired |
| 7/1/2016 | Tax Assessor / Civil Service | Special Project Coordinator | Hired |
| 6/29/2018 | Tax Assessor / Civil Service | Special Project Coordinator | Retired |
| 9/4/2018 | Tax Assessor / Civil Service | Part-Time Special Project Coordinator | Re-Hired |
| 12/1/2022 | Tax Assessor / Civil Service | Part-Time Special Project Coordinator | Reorganization/Restructuring - Terminated |



**CITY OF BRIDGEPORT, CONNECTICUT**
**CIVIL SERVICE COMMISSION**
CITY HALL * 45 LYON TERRACE * BRIDGEPORT, CONNECTICUT 06604-4023 * (203) 576-7103 * Fax 576-7102

DAVID J. DUNN
Personnel Director

Commissioners
LEONOR GUEDES
President

SALVATORE V. EMANUEL, JR.
RICHARD P. RODGERS
MELVA FALBERG

August 30, 2018

Maria C. Pires
45 Fleet Street
Bridgeport, Connecticut 06606

Dear Mr. Pires,

I am pleased to offer you the part-time position of Special Project Coordinator in the Tax Assessor's Office with the City of Bridgeport. This position offers an hourly rate of $35.00 for a 19hour work week, which will be paid to you on a weekly basis.

Your start date will be Tuesday, September 4, 2018. This employment is subject to the provisions of the Charter of the City of Bridgeport and the rules and regulations of the Civil Service Commission. This part-time position has no union affiliation, does not offer benefits.

Should you agree to accept this position on these terms, please sign below and return a copy of this letter to Eric Amado at the following address: City of Bridgeport, 45 Lyon Terrace, Room 106, Bridgeport, CT 06604. Upon acceptance, please contact Eric Amado at (203) 576-8108 for an appointment so that any necessary paperwork can be completed.

To be placed on payroll, you must bring your Social Security Card or record that you have applied for one, including any documentation necessary to sign up for payroll direct deposit (i.e. a voided check or bank statement with account and routing numbers).

Thank you for all your hard work and commitment to the City of Bridgeport!

Sincerely,

David J. Dunn
Personnel Director

I, Maria C. Pires, have read and agree on all terms and conditions:

_____  8-31-18
Maria C. Pires           Date

cc: Kenneth Flatto, Director of Finance
    Daniel Kenny, Tax Collector

PLAINTIFF'S EXHIBIT 3



CITY OF BRIDGEPORT, CONNECTICUT
## OFFICE OF LABOR RELATIONS

45 Lyon Terrace, Bridgeport, Connecticut 06604 · Telephone (203) 576-7610

EROLL V. SKYERS
Attorney

JOSEPH P. GANIM
Mayor

**Sent via Email and Certified Mail to:**
mariapires67@aol.com

December 1, 2022

Ms. Maria Pires
45 Fleet Street
Bridgeport, CT 06606

**Re: Notice of Termination of Employment**

Dear Ms. Pires:

This letter will serve as written notice that due to a reorganization/restructuring of the Tax Assessor's Office, your employment with the City of Bridgeport is terminated effective immediately.

You are instructed to return all City property including but not limited to keys, identification cards, building entry cards, phones, and computers to your supervisor, Julie Miller. Should you have any questions regarding health benefits please contact Ms. Monquencelo Miles at 203-576-7579.

In closing, thank you for your time and service to the City of Bridgeport and I would like to take this opportunity to wish you good luck in your future endeavors.

Sincerely,

Domenic Costello
Senior Labor Relations Officer

CC:   Joseph P. Ganim – Mayor
      Daniel Shamas – Chief of Staff
      Janene Hawkins – Chief Administration Officer
      Eroll V. Skyers – Attorney
      Julie Miller – Acting Assistant Tax Assessor
      Ken Flatto – Director of Finance



**PLAINTIFF'S EXHIBIT 4**

# CITY OF BRIDGEPORT, CONNECTICUT
## CIVIL SERVICE COMMISSION

CITY HALL * 45 LYON TERRACE * BRIDGEPORT, CONNECTICUT 06604-4023 * (203) 576-7103 * Fax 576-7102

**ERIC M. AMADO**
Personnel Director

**MELVA FALBERG**
Chairperson

**LASHEA HALL**
Vice Chairperson

Commissioners
RALPH R. FORD, JR., PHD
PAUL GRECH
RICHARD P. RODGERS

January 13, 2023

Thomas Bucci, *Esq.*
Willinger, Willinger & Bucci, P.C.
1000 Bridgeport Avenue, Suite 501
Shelton, CT  06484

Dear Attorney Bucci:

At its January 10, 2023 meeting, the Civil Service Commission unanimously granted the appeal of your client, Maria Pires, regarding her claim of wrongful termination.

Sincerely,

Eric M. Amado
Personnel Director

/djb

cc: Kenneth Flatto
    Domenic Costello

PLAINTIFF'S EXHIBIT 5



CITY OF BRIDGEPORT, CONNECTICUT
## OFFICE OF LABOR RELATIONS

45 Lyon Terrace, Bridgeport, Connecticut 06604 · Telephone (203) 576-7610

EROLL V. SKYERS
Attorney

JOSEPH P. GANIM
Mayor

Sent via Electronic Mail:
Mariapires67@aol.com

January 11, 2023

Maria Pires
65 Lourmel Street
Bridgeport, CT 06606

**Re:  Intent to Layoff – Due Process Hearing**

Dear Ms. Pires:

As you are aware, there have been some transitions in the Tax Assessors Office. These transitions have placed a budgetary constraint on the department. Also, as you are aware, you were hired part-time to help with the back log of work which was present at that time in the department. The budgetary constraints combined with the fact that the backlog of work for which you were hired is no longer there has led us to make the decision to lay you off.

You are entitled to a due process hearing prior to your layoff. At this hearing, you will be afforded an opportunity to respond to the above items and present any information favorable to you or that would mitigate your layoff. This hearing has been scheduled for Tuesday, January 17, 2023 at 1:00 PM. The hearing will be held at City Hall, 45 Lyon Terrace, Office of Labor Relations, Room 104, Bridgeport, CT.

This is a mandatory meeting. You are encouraged to be accompanied by legal representation.

Sincerely,

Domenic Costello
Deputy Director of Labor Relations

CC:    Eroll V. Skyers – Attorney
       Thomas Bucci, Esq. – Willinger, Willinger & Bucci
       Ken Flatto – Director of Finance
       John Mitola – Associate City Attorney

PLAINTIFF'S EXHIBIT 6



CITY OF BRIDGEPORT
**DEPARTMENT OF FINANCE**
**MARGARET E. MORTON GOVERNMENT CENTER**
999 Broad Street
Bridgeport, Connecticut 06604
Telephone 203-576-7251   Fax 203-576-7067

JOSEPH P. GANIM
Mayor

KENNETH A. FLATTO
Finance Director/CFO

Sent via Electronic Mail and by Regular Mail

January 19, 2023

Maria Pires
65 Lourmel Street
Bridgeport, CT 06606
mariapires67@aol.com

Dear Ms. Pires:

On January 18, 2023, you were afforded a Due Process Hearing regarding the City's intention to lay you off due to ongoing budgetary constraints facing City departments, including the Tax Assessor's Office. These constraints have caused the City to abolish the part time position of Part Time Special Project Coordinator within the Assessor's Office. In addition old past year's work backlog, which in the past had justified some need for this part time position, has been handled over the last few years. The current office workload is manageable without this position.

In addition, there was nothing presented by you or your counsel at your Due Process Hearing which would give the City reason not to move forward with your immediate lay off based upon these budgetary decisions. Therefore on behalf of the City, you are hereby laid off from your position of Part Time Special Project Coordinator with the City of Bridgeport effective January 19, 2023.

In closing, I would like to thank you for your time and service to the City of Bridgeport and would like to take this opportunity to wish you the best in your future endeavors.

Respectfully,

Ken Flatto

Kenneth Flatto
Finance Director

CC:   Eroll V. Skyers – Associate Attorney and Acting Director Labor Relations
      John Mitola – Associate City Attorney
      Eric Amado – Director of Civil Service
      Domenic Costello – Deputy Director of Labor Relations
      Thomas Bucci, Esq – Willinger, Willinger & Bucci
      Nestor Nkwo, OPM Director
      Marisol Gonzalez – Payroll Clerk